## BOUTCHER v. STATE. (8 Div. 17.)

(Court of Appeals of Alabama. March 6, 1923.)

Criminal law ⊜⇒493—Opinion evidence as to guilt held not to authorize conviction.

Witness' testimony that "I don't know whether any whisky was ever manufactured there or not, but I believe it mighty strong,"

*held* not to authorize a conviction for manufacturing spirituous liquors.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Less Boutcher was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Melvin Hutson, of Decatur, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. Count 2 of the indictment was nol prossed, after which there was but one inquiry involved upon the trial of this case, and that was: Did the defendant after January 25, 1919, distill, make, or manufacture spirituous liquors; as the only remaining count in the indictment, count 1, was limited to this specific charge.

A careful examination of all the evidence adduced upon this trial fails to disclose any testimony to sustain this charge. The only testimony relative to the distilling, making, or manufacturing spirituous liquors by defendant was the statement of the principal state witness Wright, and he testified:

"I don't know whether any whisky was ever manufactured there or not, but I believe it mighty strong."

The belief of this witness is insufficient upon which to base a verdict, and, as stated there is no evidence in the entire record from which it could be inferred that the defendant had committed the act complained of in count one of the indictment. This being true, the defendant was clearly entitled to the affirmative charge requested by him in writing, and its refusal by the court was error.

The Attorney General, representing the state on this appeal, very properly, we think, confesses error in the refusal of the affirmative charge to the defendant under the evidence in this case.

Reversed and remanded.